IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PEGGY QUATTLEBAUM and JAMES QUATTLEBAUM, )<br><br>Plaintiffs, )<br>)<br>vs. )<br>)<br>FEDERAL EXPRESS CORPORATION )<br>AND FICTITIOUS DEFENDANTS A )<br>THROUGH F )<br>)<br>Defendants. ) | Case No. 1:19-cv-210 |

## NOTICE OF REMOVAL

Defendant, Federal Express Corporation ("FedEx") pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(b), 1446(b)(3) and 1367(a), gives notice of the removal of this action from the Circuit Court of Houston County, Alabama, where it is now pending, to the United States District Court for the Middle District of Alabama, Southern Division. In support of removal of this matter, Defendant states as follows:

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

1.   Plaintiffs Peggy and James Quattlebaum initiated this action on January 25, 2019 by filing a complaint against FedEx in the Circuit Court of Houston County, Alabama. The Circuit Court of Houston County, Alabama is a state court located within the jurisdictional district of the United States District Court for the Middle District of Alabama, Southern Division. FedEx was served with a summons and a copy of the complaint on January 30, 2019. (A true and correct copy of the summons, complaint and

service that was served on FedEx, along with all of the documents that comprise the state court file, are attached hereto collectively as Exhibit A).

2. Since the amount in controversy was not expressly alleged in the complaint, FedEx served the Plaintiffs with requests for admission. On March 5, 2019, Plaintiffs served their responses to FedEx's requests for admission. (True and correct copies of Peggy Quattlebaum's responses and James Quattlebaum's responses are attached hereto collectively as Exhibit B).

## II. SUMMARY OF GROUNDS FOR REMOVAL

3. There is complete diversity of citizenship between the parties. 28 U.S.C. §§ 1332(a)(1), 1441(b). Peggy Quattlebaum's claims exceed $75,000.00. 28 U.S.C. § 1332(a). James Quattlebaum's loss of consortium claim is properly removable pursuant to the supplemental jurisdiction allowed by 28 U.S.C. § 1367(a). The Notice of Removal was filed within thirty (30) days of receipt of the Quattlebaum's responses to FedEx's requests for admission. 28 U.S.C.§ 1446(b)(3).

## III. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES.

4. Plaintiffs are residents of Washington County, Florida. (Complaint, Exhibit A, pars. 2, 3).

5. Defendant FedEx is a corporation incorporated in Delaware, with its principal place of business in the state of Tennessee. (Affidavit of Kim Robinson Guehrn, Exhibit C). Therefore, FedEx is a citizen of Delaware and Tennessee within the meaning of 28 U.S.C. § 1332(c). FedEx is not incorporated in the State of Alabama, and does not

maintain its principal place of business in the state of Alabama. FedEx is not a citizen of Alabama. (Exhibit C).

## IV. THE AMOUNT IN CONTROVERSY IN PEGGY QUATTLEBAUM'S CLAIMS EXCEEDS $75,000.00, EXCLUSIVE OF INTEREST AND COSTS.

6. Peggy Quattlebaum seeks damages for personal injuries "caused by a malfunctioning automatic door" at the FedEx location in Dothan, Alabama. (Exhibit A, par. 1). The complaint states that the amount in controversy exceeds $10,000.00, exclusive of interest and costs. (Exhibit A, par. 9). Mrs. Quattlebaum alleges that she suffered "serious, permanent injuries." (Exhibit A, par. 17). Mrs. Quattlebaum seeks damages for: "(1) past and future medical expenses; (2) past and future physical pain and suffering; (3) past and future mental anguish; and (4) permanent injuries and disabilities." (Exhibit A, par. 24).

Request 4 of FedEx's requests for admission directed to Peggy Quattlebaum asked:

> 4. Admit that you are seeking more than $75,000.00 as damages in this lawsuit.

Mrs. Quattlebaum response to request 4: Admitted.

(Exhibit B).

Although the complaint does not allege damages in excess of $75,000.00, exclusive of interest and costs, a removing defendant can predicate jurisdiction on "other paper from which it may be ascertained that the case is one which is or has been removable." 28 U.S.C. § 1446(b)(3); *see also Harmon v. Wal-Mart Stores, Inc.*, 2009 U.S. Dist. LEXIS 21040 (M.D. Ala. 2009) (responses to requests for admission may constitute "other paper.").

7. In *Dart Cherokee Basin Operating Company, LLC v. Owens*, No. 13-719, 135 S. Ct. 547, 190 L. Ed. 95, 2014 U.S. LEXIS (December 15, 2014), the United States Supreme Court held in pertinent part that:

> ... [A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by [28 U.S.C.] § 14446(c)(2)(B) only when the plaintiff contests, or the court questions the defendant's allegation.

135 S. Ct. at 554.

8. FedEx submits that Peggy Quattlebaum's admission that she is seeking more than $75,000.00 in damages for the injuries she is claiming satisfies that monetary threshold for removal of this matter to federal court.

## V. THE FEDERAL COURT HAS SUPPLEMENTAL JURISDICTION OVER JAMES QUATTLEBAUM'S LOSS OF CONSORTIUM CLAIM

9. Mr. Quattlebaum claims loss of consortium. (Exhibit A, pars. 27-28). Pursuant to Alabama law, "[c]onsortium is defined as a right to a spouse's company, fellowship, cooperation and assistance in the marital relationship as a partner in the family unit." Alabama Tort Law § 40.07 (Fourth Edition). "[W]hen a person is injured, the spouse also suffers." *Id.*

FedEx submits that although Mr. Quattlebaum does not allege damages in excess or $75,000.00, the federal court has supplemental jurisdiction over Mr. Quattlebaum's loss of consortium claim pursuant to 28 U.S.C. § 1367(a), which provides for supplemental jurisdiction over all claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy;" *see also Monroe v. Brown*, 256 F. Supp. 2d 1292 (M.D. Ala. 2003) (husband's loss of consortium claim deemed

pendent). A claim satisfies the "same case or controversy" requirement when it involves "the same facts, occurrences, witnesses, and evidence" as the claim over which the court has original jurisdiction. *Monroe*, 256 F. Supp. 2d at 1293. 28 U.S. C. § 1367(a) permits courts to have supplemental pendent-party jurisdiction, that is, jurisdiction over claims brought by parties other than the party over which the court has original jurisdiction." *Monroe*, 256 F. Supp. 2d at 1293-1294. Mr. Quattlebaum's claim does not fall within one of the exceptions to supplemental jurisdiction as defined in 28 U.S.C. § 1367(b).

10. Because Mr. Quattlebaum's claim forms part of the same case or controversy as Mrs. Quattlebaum's claims, the federal court has supplemental jurisdiction over Mr. Quattlebaum's claim and his claim need not independently meet § 1332's jurisdictional-amount requirement.

## VI. THE NOTICE OF REMOVAL IS TIMELY

11. If case started by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant ..., of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3); *see also Coleman v. Union Grp. Corp.*, 2015 U.S. Dist. LEXIS 119729 (S.D. Ala. 2015).

Mrs. Quattlebaum served her responses to FedEx's requests for admission on March 5, 2019. FedEx filed this Notice of Removal within thirty (30) days of receipt of Mrs. Quattlebaum's responses to FedEx's requests for admission.

## VII. FEDEX WILL SATISFY THE OTHER PREREQUISITES FOR REMOVAL

12. In accordance with 28 U.S.C. § 1446(d) FedEx will promptly provide written notice of the filing of this Notice or Removal to the Plaintiffs and shall file a copy of this Notice along with a Notice of Filing a Removal with the Clerk of the Circuit Court of Houston County, Alabama, where this action is currently pending.

_____
Judith E. Dolan (DOL004)
Attorney for Defendant,
Federal Express Corporation

OF COUNSEL:
Waldrep, Stewart & Kendrick, LLC
2323 Second Avenue North
Birmingham, Alabama 35203
(205) 327-8358
(205) 327-8395 Fax
dolan@wskllc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on the 21st day of March, 2019, filed the foregoing with the Clerk of the Court and have served notice to the following attorneys of record via electronic mail and/or U.S. Mail, postage prepaid and properly addressed as follows:

J. Farrest Taylor
206 East Main Street
Dothan, Alabama 36301

_____
OF COUNSEL