

ELECTRONICALLY FILED
1/25/2019 1:27 PM
38-CV-2019-900051.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | |
|---|---|
| PEGGY QUATTLEBAUM and JAMES QUATTLEBAUM, <br><br> Plaintiffs, <br><br> vs. <br><br> FEDERAL EXPRESS CORPORATION AND FICTITIOUS DEFENDANTS A THROUGH F, <br><br> Defendants. | Plaintiffs demand a trial by jury. <br><br> Case No. _____ |

### COMPLAINT

Peggy Quattlebaum and James Quattlebaum file this Complaint against Federal Express Corporation and fictitious defendants under Alabama Rule of Civil Procedure 9(h).

### Nature of this Action

1. Peggy Quattlebaum seeks damages for personal injuries caused by a malfunctioning automatic door at the Federal Express location in Dothan, Alabama. James Quattlebaum seeks damages for his wife's loss of consortium.

### General and Jurisdictional Allegations

2. James Quattlebaum is a resident of Washington County, Florida.

3. Peggy Quattlebaum is a resident of Washington County, Florida.

4. James and Peggy Quattlebaum (collectively referred to as "Plaintiffs") are husband and wife and were husband and wife on October 7, 2017.

5. Upon information and belief, Defendant Federal Express Corporation (Federal Express) is a foreign corporation licensed to do business in the State of Alabama.

6. Fictitious Defendants A, B, and C are persons or entities responsible for maintaining the door in a safe, operable condition.

7. Fictitious Defendants D, E, and F are persons or entities who, on or before October 7, 2017, failed to use reasonable care in repairing the door causing to be in a dangerous condition.

8. The acts or omissions giving rise to this Complaint occurred in Houston County, Alabama.

9. The amount in controversy exceeds $10,000.00, exclusive of interest and cost.

### Statement of the Facts

10. On or about October 7, 2017, Peggy Quattlebaum was entering the Federal Express location on Woodburn Drive in Dothan, Alabama.

11. Plaintiff Peggy Quattlebaum was an invitee at the Federal Express facility at the expressed or implied invitation of Federal Express and Peggy Quattlebaum was there for a business purpose.

12. Entry to this particular Federal Express location is through automatic sliding doors.

13. At the time Peggy Quattlebaum entered the Federal Express location, the door were slightly open, and a sign on the sliding door instructed that to enter the location it was necessary to manually pull the doors open.

14. Peggy Quattlebaum pulled the doors open as instructed on the sign.

15. When she attempted to close the doors, the doors suddenly closed on her arm, jerking her forward.

16. Peggy Quattlebaum immediately felt pain in her right arm and shoulder.

17. Because of having her arm caught in the door, Peggy Quattlebaum suffered serious, permanent injuries.

## Count One
## Negligence

18. Plaintiff Peggy Quattlebaum restate each material allegation contained in paragraphs one through seventeen, as though fully set out in this Count.

19. Defendant Federal Express owed Plaintiff Peggy Quattlebaum the duty to exercise reasonable care not to injure or damage Peggy Quattlebaum and to exercise such reasonable care as a reasonably prudent person would have exercised under the same or similar circumstances.

20. The entry was to the Federal Express facility on Woodburn Avenue was not in a reasonably safe condition because of a malfunctioning automatic door.

21. Federal Express knew or should have known about the dangerous condition.

22. Defendant Federal Express breached its duty to Plaintiffs by negligently allowing a dangerous condition to exist on its property.

23. Defendant Federal Express negligence includes, but is not limited to, failing to warn about the dangers of the door; failing to take reasonable measures to allow entry and exit to its facility without subjecting its customers to a risk of injury; and failure to take reasonable measures to timely repair the door.

24. Plaintiff Peggy Quattlebaum was injured as a direct and proximate result of Defendant Federal Express's negligent conduct. Plaintiff Peggy Quattlebaum has sustained damages as a direct and proximate cause of Federal Express's negligent conduct: (1) past and future medical expenses; (2) past and future physical pain and suffering; (3) past and future mental anguish; and (4) permanent injuries and disabilities.

25. Defendants A, B, and C failed negligently maintained the automatic door. Defendants A, B, and C's negligent conduct was a proximate cause of Plaintiff Peggy Quattlebaum's injuries.

26. Defendants D, E, and F failed to use reasonable care in the repair of the automatic door. Defendants A, B, and C's negligent conduct was a proximate cause of Plaintiff Peggy Quattlebaum's injuries.

Plaintiff Peggy Quattlebaum respectfully demands a judgment against Defendants Federal Express, A, B, C, D, E, and F (collectively referred to as Defendants) in an amount sufficient to compensate her for injuries and damages proximately caused by Defendants' negligent conduct, an award of costs as allowed by law, and prejudgment and post-judgment interest.

## Count Two
## Loss of Consortium

27. James Quattlebaum restates every material allegation contained in paragraphs one through twenty-six into Count Two.

4

28. Because of the negligence of Defendant Federal Express, Plaintiff James Quattlebaum has sustained damages by the loss of his wife's consortium and services.

Plaintiff James Quattlebaum respectfully demands a judgment against Defendants in an amount sufficient to compensate him for the loss of his wife's consortium and services, prejudgment and post-judgment interest, and an award of costs and expenses as allowed by law.

Dated: January 25, 2019      TAYLOR LAW GROUP, LLC

/s/ J. Farrest Taylor
J. FARREST TAYLOR (TAY033)
206 East Main Street
Dothan, Alabama 36301
Ph. (334) 350-3855
Fax (833) 228-5646
ftaylor@taylawgroup.com

### JURY DEMAND

Plaintiffs respectfully demand trial by jury.

/s/ J. Farrest Taylor
J. FARREST TAYLOR (TAY033)

Defendant to be served by Certified Mail:

Federal Express Corporation
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

5