IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PEGGY QUATTLEBAUM and JAMES QUATTLEBAUM, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 1:19-cv-210-ALB ) ) |
| FEDERAL EXPRESS CORPORATION AND FICTITIOUS DEFENDANTS A THROUGH F, | ) ) ) ) |
| Defendants. | |

**OPINION AND ORDER**

This matter comes before the court on Plaintiffs Peggy and James Quattlebaum's Motion for Leave to Amend and to Remand. (Doc. 10). Upon consideration, the motion is GRANTED, and it is ORDERED that this action be remanded to the Circuit Court of Houston County, Alabama.

**BACKGROUND**

Peggy Quattlebaum alleges that she seriously injured her arm while manually closing the doors of the FedEx Ship Center in Dothan, Alabama. (Doc. 10-1 ¶21). Defendant FedEx had contracted with STR International, LLC to remodel the Dothan center's lobby. (Doc. 14-1 at 15). On the day before the accident, STR cut off the power to the doors to perform some electrical work. (*Id.*) Because STR did

not complete its work that first day, the power remained off on the day of the accident, requiring the doors to be manually opened and closed. (*Id.*) Quattlebaum alleges that when she arrived, she saw a sign on the door that the door had to be manually opened and closed. (Doc. 1-3 at 10). Quattlebaum alleges that when she tried to leave, the doors suddenly closed on her arm. (*Id.* at 11). Quattlebaum then filed suit in the Circuit Court of Houston County. (*Id.* at 9). The exact timeline of ensuing procedural events is key to the motion for leave to amend and to remand, so it is included below:

| Complaint Filed (*Id.* at 9) | January 25, 2019 |
| Quattlebaum Admits Amount in Controversy (Doc. 1-4 at 2) | March 5, 2019 |
| FedEx Identifies Taylor and Jackson (Doc. 1-3 at 126, 128) | March 20, 2019 |
| FedEx files Notice of Removal (Doc. 1) | March 22, 2019 |
| Leave to Amend (Doc. 10) | May 14, 2019 |

**STANDARD**

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "a party may amend its pleading only with the opposing party's written consent or the court's leave," which the "court should freely give … when justice so requires."[1] But if an amendment would add nondiverse defendants, destroying the court's subject-matter jurisdiction, the court applies the standard in 28 U.S.C. §1447(e). *Ingram v. CSX*

---

[1] Defendant argued that leave to amend "shall be freely given when justice so requires so long as the action has not yet been placed on the trial calendar." (Doc. 14 at 6). There was no scheduling order at the time of briefing, but the court placed this case on the trial calendar in its June 4, 2019 Uniform Scheduling Order. However, the language Defendant cites is from a prior version of the Federal Rules of Civil Procedure, and the current rules make no mention of the trial calendar.

*Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998). Per Section 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

## DISCUSSION

The issue before the court is whether Quattlebaum should be allowed to add nondiverse defendants, which would necessitate remand, after discovery has begun. The court has jurisdiction to decide civil actions between diverse parties so long as more than $75,000 is in dispute. 28 U.S.C. §1332. The parties concede that subject matter jurisdiction exists, and that remand would be required if either Taylor or Jackson is joined. Instead, FedEx alleges that Quattlebaum only seeks leave to join Taylor and Jackson to engage in forum-shopping. (Doc. 14 at 12).

While the court should freely give leave to amend when justice so requires, "a district court must scrutinize more closely an amended pleading that would name a new nondiverse defendant in a removed case because justice requires that the district court also balance the defendant's interests in maintaining the federal forum." *Dever v. Family Dollar Stores of Georgia, LLC*, 755 F. App'x 866, 869 (11th Cir. 2018) (per curiam). This close scrutiny when applying Section 1447(e) requires the court to analyze four factors: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether [the] plaintiff has been

3

dilatory in asking for amendment," (3) "whether [the] plaintiff will be significantly injured if amendment is not allowed," and (4) "any other factors bearing on the equities." *Id.* (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). The court "has broad discretion in weighing these factors to decide whether to permit or deny an amendment." *Id.*

### I. Whether Purpose is to Avoid Federal Jurisdiction

The first factor the court analyzes is the extent to which the purpose of the amendment is to defeat federal jurisdiction. In her initial complaint, Quattlebaum sued those responsible for "maintaining the door in a safe, operable condition" as well as those "repairing the door." (Doc. 1-1 ¶¶6–7). Quattlebaum had tried unsuccessfully to determine who the manager and employee were at the time of her injury, but she did not learn their identities until after FedEx removed the case to federal court. (*Id.*; Doc. 15 at 2). So, it makes sense that Quattlebaum would not seek to join Taylor and Jackson until after removal because she only learned their identities the day before FedEx filed notice of removal. Once Quattlebaum knew Taylor and Jackson's identities, Quattlebaum asked leave to amend only two months after receiving notice of removal.

The Eleventh Circuit recently addressed this issue for the first time in an unpublished opinion in *Dever v. Family Dollar Stores*, 755 F. App'x 866 (11th Cir. 2018) (per curiam). The plaintiff in *Dever* attempted to sue a nondiverse defendant—

the store manager on duty during her fall—before the defendant removed the case. *Id.* at 867. Once the plaintiff realized her mistake, she asked leave to amend to add the correct store manager, who was also a nondiverse defendant. *Id.* But the district court denied the plaintiff's request. *Id.* at 867–68.

On review, the Eleventh Circuit noted that it had "not previously addressed how a district court should decide whether to permit or deny joinder of a nondiverse defendant after removal." *Id.* at 869. Ultimately, the Eleventh Circuit remanded the case to the district court, which had erred in failing to note that the plaintiff had already tried to add a nondiverse defendant before removal. *Id.* at 868. On remand, the district court weighed the *Hensgens* factors and granted the plaintiff leave to amend. *Dever v. Family Dollar Stores of Georgia, LLC*, No. 2:17-cv-19, 2018 WL 6323078, at *4 (S.D. Ga. Dec. 3, 2018). Significantly, the court presumed that the plaintiff did not engage in forum-shopping where she had tried to sue nondiverse defendants in the initial complaint. *Id.* at *2.

This same presumption applies even where a plaintiff sues unknown defendants of unknown citizenships in the original complaint, so long as the plaintiff always maintained that the unknown parties were liable. *See id.* at *3 (citing *Dunigan v. Countrywide Home Loans, Inc.*, No. 1:08-cv-3735-cc, 2009 WL 10698799, at *6 (N.D. Ga. Sept. 10, 2009)). Here, Quattlebaum sued fictitious defendants who were "responsible for maintaining the door in a safe, operable condition" and who "failed

5

to use reasonable care in repairing the door causing [it] to be in a dangerous condition." (Doc 1-1 ¶¶6–7). Presumably, Quattlebaum had assumed that the fictitious defendants sued would be residents of Alabama, the state in which they worked. Because Quattlebaum had always intended to sue nondiverse defendants and did so at the first opportunity, this factor weighs in favor of granting leave to amend.

## II. Whether Plaintiff was Dilatory

The second factor is whether Quattlebaum was dilatory in asking for the amendment. Quattlebaum first learned the identities of Taylor and Jackson on March 20th, FedEx removed the next day, and Quattlebaum filed for leave to amend about two months later. (Doc. 1; Doc. 1-3 at 126, 128; Doc. 10) FedEx argues that this length of time shows that Quattlebaum was dilatory. (Doc. 14 at 11). But many of our sister courts have found similar lengths of time to be acceptable. *Dever*, 2018 WL 6323078, *3 (month and a half after removal was not dilatory); *Starnes Davis Florie, LLP v. GOS Operator, LLC*, No. 12-387-WS-N, 2012 WL 3870413, at *4 n.10 (S.D. Ala. Sept. 5, 2012) (about a month after removal was not dilatory); *Turner v. Wal-Mart Stores E., L.P.*, No. 7:11-cv-181, 2012 WL 6048949, at *2 (M.D. Ga. Dec. 5, 2012) (almost eleven months after removal and two months before discovery ended was dilatory). Thus, this factor weighs in favor of granting leave to amend.

## III. Whether Plaintiff will be Harmed

The third factor is whether Quattlebaum will be significantly injured if the amendment is not allowed. Quattlebaum's complete relief does not depend on joining Taylor and Jackson in this court—she could still sue Taylor and Jackson in state court if she so wished. But requiring Quattlebaum to endure "the redundancy, duplication of effort and expense, and multiplication of proceedings inherent in such parallel litigation" weighs in favor of granting her leave to amend. *See Dever*, 2018 WL 6323078, at *3 (quoting *Starnes*, 2012 WL 3870413, at *4).

## IV. Whether the Equities Favor Amendment

Finally, the court must consider any other factors bearing on the equities. In this case, the bottom line is that if Quattlebaum had known the identity of her unknown defendants before discovery, she would have included them as defendants from the beginning. And if Taylor and Jackson had been parties to the suit in state court, FedEx would have had no basis for removing this action. *See Holiday Isle, LLC v. Clarion Mortg. Capital, Inc.*, No. 7-798-CG-C, 2008 WL 1756369, at *4 (S.D. Ala. Apr. 11, 2008) (hypothesizing that defendant would have had no basis for removal had plaintiff known relevant facts before filing complaint because plaintiff would have sued nondiverse defendants). Thus, the equities favor granting Quattlebaum leave to amend to join Taylor and Jackson.

After analyzing the four factors, the court holds that Quattlebaum's leave to amend should be granted and both Taylor and Jackson joined as parties to this case. Because diversity jurisdiction no longer exists, the court must remand the case.

## CONCLUSION

Based on the above reasoning, Plaintiffs' Motion for Leave to Amend and to Remand is GRANTED. Plaintiff shall file the proposed amended complaint on or before July 2, 2019. It is ORDERED that once Plaintiff files the amended complaint, the Clerk of Court is DIRECTED to take all necessary steps to REMAND this case to the Circuit Court of Houston County, Alabama.

**DONE** and **ORDERED** this 18th day of June 2019.

                                        /s/ Andrew L. Brasher
                                    ANDREW L. BRASHER
                                    UNITED STATES DISTRICT JUDGE