IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PEGGY QUATTLEBAUM and<br>JAMES QUATTLEBAUM, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | Plaintiffs demand a trial by jury. |
| vs. | ) <br> ) | Case No. 1:19-cv-00210-ALB |
| FEDERAL EXPRESS CORPORATION, | ) <br> ) <br> ) <br> ) | |
| Defendant. | ) | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Peggy Quattlebaum and James Quattlebaum file this Complaint against Federal Express Corporation, Herman Kent Taylor, Breanna Pugh Jackson, STR International, LLC, and fictitious defendants under Alabama Rule of Civil Procedure 9(h).

## Nature of this Action

1. Peggy Quattlebaum seeks damages for personal injuries caused by a malfunctioning automatic door at the Federal Express location in Dothan, Alabama. James Quattlebaum seeks damages for his wife's loss of consortium.

2. The Amended Complaint adds allegations based upon recently disclosed facts and adds three party defendants: (1) Herman Kent Taylor, the supervisor of the Federal Express Facility; (2) Breanna Pugh Jackson, the sole Federal Express employee working at the counter when Peggy Quattlebaum was injured, and (3) STR International, LLC, the contractor who had disabled the doors.

## General and Jurisdictional Allegations

3. James Quattlebaum is a resident of Washington County, Florida.

4. Peggy Quattlebaum is a resident of Washington County, Florida.

5. James and Peggy Quattlebaum (collectively referred to as "Plaintiffs") are husband and wife and were husband and wife on October 7, 2017.

6. Upon information and belief, Defendant Federal Express Corporation (Federal Express) is a foreign corporation licensed to do business in the State of Alabama.

7. Herman Kent Taylor is an Alabama resident and was the supervisor of the Federal Express facility on Woodburn Drive on October 7, 2017.

8. Breanna Pugh Jackson is an Alabama resident and was the sole Federal Express employee working at the counter when Peggy Quattlebaum was injured.

9. STR International, LLC, is a foreign corporation doing business in the State of Alabama. STR's registered agent is Registered Agents, Inc., 212 W. Troy Street, Suite B, Dothan, Alabama 36303.

10. The acts or omissions giving rise to this Complaint occurred in Houston County, Alabama.

11. The amount in controversy exceeds $75,000.00, exclusive of interest and cost.

## Statement of the Facts

12. On or about October 7, 2017, Peggy Quattlebaum was entering the Federal Express location on Woodburn Drive in Dothan, Alabama.

13. Plaintiff Peggy Quattlebaum was an invitee at the Federal Express facility at the expressed or implied invitation of Federal Express and Peggy Quattlebaum was there for a business purpose.

14. Entry to this particular Federal Express location is through automatic sliding doors.

15. Defendant Herman Kent Taylor was the supervisor of the Federal Express facility on October 7, 2017.

16. Defendant Herman Kent Taylor was present at the facility on October 7, 2017, and knew or should have known about the condition of the automatic doors.

17. At the time Peggy Quattlebaum entered the Federal Express location, the door were slightly open, and a sign on the sliding door instructed that to enter the location it was necessary to manually pull the doors open.

18. Peggy Quattlebaum manually opened and closed the doors open as instructed on the sign.

19. Defendant Breanna Pugh Jackson was the sole Federal Express employee working at the counter when Peggy Quattlebaum entered the facility.

20. Defendant Breanna Pugh watched Peggy Quattlebaum enter the facility by manually opening the automatic doors.

21. When Peggy Quattlebaum attempted to close the automatic doors upon her exit, the doors suddenly closed on her arm, jerking her forward.

22. Peggy Quattlebaum immediately felt pain in her right arm and shoulder.

23. Because of having her arm caught in the door, Peggy Quattlebaum suffered serious, permanent injuries.

## Count One
## Negligence Against Federal Express

24. Plaintiff Peggy Quattlebaum restates each material allegation contained in paragraphs one through twenty-three, as though fully set out in this Count.

25. Defendant Federal Express owed Plaintiff Peggy Quattlebaum the duty to exercise reasonable care not to injure or damage Peggy Quattlebaum and to exercise such reasonable care as a reasonably prudent person would have exercised under the same or similar circumstances.

26. The entry was to the Federal Express facility on Woodburn Avenue was not in a reasonably safe condition because of a malfunctioning automatic door.

27. Federal Express knew or should have known about the dangerous condition.

28. Defendant Federal Express breached its duty to Plaintiffs by negligently allowing a dangerous condition to exist on its property.

29. Defendant Federal Express negligence includes, but is not limited to, failing to warn about the dangers of the door; failing to take reasonable measures to allow entry and exit to its facility without subjecting its customers to a risk of injury; and failure to take reasonable measures to timely repair the door.

30. Defendant Federal Express also failed to properly train and/or supervise its employees to deal with potentially dangerous situations like an inoperable automatic door.

31. Defendant Federal Express is vicariously responsible for the negligent acts of its employees.

32. Defendant Federal Express is vicariously responsible for the negligent acts of STR International, LLC.

33. Plaintiff Peggy Quattlebaum was injured as a direct and proximate result of the negligent conduct described in this Count. Her damages include, but are not limited to,: (1) past and future medical expenses; (2) past and future physical pain and suffering; (3) past and future mental anguish; and (4) permanent injuries and disabilities.

Plaintiff Peggy Quattlebaum respectfully demands a judgment against Defendants Federal Express, in an amount sufficient to compensate her for injuries and damages proximately caused by Defendant's negligent conduct, an award of costs as allowed by law, and prejudgment and post-judgment interest.

## Count Two
### Negligence Against Herman Kent Taylor

34. Plaintiff Peggy Quattlebaum restates each material allegation contained in paragraphs one through twenty-three, as though fully set out in this Count.

35. Defendant Herman Kent Taylor had a duty to ensure the safety of the Federal Express facility on Woodburn Drive.

36. Defendant Herman Kent Taylor had a duty to ensure that any repairs, remodeling, or renovations were done safely and would not present an unreasonable risk of injury to customers entering the Federal Express facility.

37. Defendant Herman Kent Taylor owed Plaintiff Peggy Quattlebaum the duty to exercise reasonable care not to injure or damage Peggy Quattlebaum and to exercise such reasonable care as a reasonably prudent person would have exercised under the same or similar circumstances.

38. The entry was to the Federal Express facility on Woodburn Avenue was not in a reasonably safe condition because the automatic entrance door was not operating as designed.

39. Defendant Herman Kent Taylor knew that door was not functioning as intended.

40. Defendant Herman Kent Taylor knew or should have known about the dangerous condition.

41. Defendant Herman Kent Taylor breached its duty to Plaintiffs by negligently allowing a dangerous condition to exist on its property.

42. Defendant Herman Kent Taylor negligence includes, but is not limited to, failing to warn about the dangers of the door; failing to take reasonable measures to allow entry and exit to its facility without subjecting its customers to a risk of injury; and failure to take reasonable measures to timely repair the door or make the door operate as intended.

43. Plaintiff Peggy Quattlebaum was injured as a direct and proximate result of Defendant Herman Kent Taylor's negligent conduct. Her damages include, but are not limited to,: (1) past and future medical expenses; (2) past and future physical

pain and suffering; (3) past and future mental anguish; and (4) permanent injuries and disabilities.

Plaintiff Peggy Quattlebaum respectfully demands a judgment against Defendant Herman Kent Taylor in an amount sufficient to compensate her for injuries and damages proximately caused by Defendant Herman Kent Taylor negligent conduct, an award of costs as allowed by law, and prejudgment and post-judgment interest.

## Count Three
### Negligence Against Breanna Pugh Jackson

44. Plaintiff Peggy Quattlebaum restates each material allegation contained in paragraphs one through twenty-three, as though fully set out in this Count.

45. Defendant Breanna Pugh Jackson knew that the automatic doors were inoperable.

46. Defendant Breanna Pugh Jackson knew that Peggy Quattlebaum had to enter and exit through the inoperable doors.

47. Defendant Breanna Pugh Jackson had a duty to warn or assist customers entering and exiting the inoperable automatic doors.

48. Defendant Breanna Pugh Jackson owed Plaintiff Peggy Quattlebaum the duty to exercise reasonable care not to injure or damage Peggy Quattlebaum and to exercise such reasonable care as a reasonably prudent person would have exercised under the same or similar circumstances.

49. The entry was to the Federal Express facility on Woodburn Avenue was not in a reasonably safe condition because the automatic entrance door was not operating as designed.

50. Defendant Breanna Pugh Jackson knew that door was not functioning as intended.

51. Defendant Breanna Pugh Jackson knew or should have known about the dangerous condition.

52. Defendant Breanna Pugh Jackson negligence includes, but is not limited to, failing to warn about the dangers of the door; failing to take reasonable measures to allow entry and exit to its facility without subjecting its customers to a risk of injury; and failure to take reasonable measures to timely repair the door or make the door operate as intended.

53. Plaintiff Peggy Quattlebaum was injured as a direct and proximate result of Defendant Breanna Pugh Jackson's negligent conduct. Her damages include, but are not limited to,: (1) past and future medical expenses; (2) past and future physical pain and suffering; (3) past and future mental anguish; and (4) permanent injuries and disabilities.

Plaintiff Peggy Quattlebaum respectfully demands a judgment against Defendant Breanna Pugh Jackson in an amount sufficient to compensate her for injuries and damages proximately caused by Defendant Breanna Pugh Jackson negligent conduct, an award of costs as allowed by law, and prejudgment and post-judgment interest.

## Count Three
## Negligence Against STR International

54. Plaintiff Peggy Quattlebaum restates each material allegation contained in paragraphs one through twenty-three, as though fully set out in this Count.

55. Defendant STR International owed Plaintiff Peggy Quattlebaum the duty to exercise reasonable care not to injure or damage Peggy Quattlebaum and to exercise such reasonable care as a reasonably prudent person would have exercised under the same or similar circumstances.

56. Employees or agents of STR International disabled the automatic doors at the entrance of the Federal Express facility on Woodburn Drive in Dothan, Alabama.

57. STR International is vicariously responsible to the negligent acts of its employees and agents.

58. STR International knew or should have known about that disabling the power to the automatic doors at the entrance of the Federal Express facility would create a hazard.

59. Defendant STR International breached its duty to Plaintiffs by negligently creating a dangerous condition.

60. Defendant STR International's negligence includes, but is not limited to, failing to warn about the dangers of the door; failing to take reasonable measures to allow entry and exit to the Federal Express facility without subjecting customers to a risk of injury; failure to properly train its employees and agents; and failure to take reasonable measures to timely return the door to its normal operating .

61. Plaintiff Peggy Quattlebaum was injured as a direct and proximate result of Defendant STR's negligent conduct. Her damages include, but are not limited to,: (1) past and future medical expenses; (2) past and future physical pain and suffering; (3) past and future mental anguish; and (4) permanent injuries and disabilities.

Plaintiff Peggy Quattlebaum respectfully demands a judgment against Defendant STR in an amount sufficient to compensate her for injuries and damages proximately caused by Defendants' negligent conduct, an award of costs as allowed by law, and prejudgment and post-judgment interest.

## Count Four
### Loss of Consortium

62. James Quattlebaum restates every material allegation contained in paragraphs one through twenty-six into Count Four.

63. Because of the negligence of the Defendants, Plaintiff James Quattlebaum has sustained damages by the loss of his wife's consortium and services.

Plaintiff James Quattlebaum respectfully demands a judgment against Defendants in an amount sufficient to compensate him for the loss of his wife's consortium and services, prejudgment and post-judgment interest, and an award of costs and expenses as allowed by law.

Dated: June 20, 2019					TAYLOR LAW GROUP, LLC



						/s/ J. Farrest Taylor
						J. FARREST TAYLOR (ASB-5755-R54J)
						206 East Main Street
						Dothan, Alabama 36301
						Ph. (334) 350-3855
						Fax (833) 228-5646
						ftaylor@taylawgroup.com


## JURY DEMAND

Plaintiffs respectfully demand trial by jury.

						/s/ J. Farrest Taylor
						J. FARREST TAYLOR



Serve the following defendants:

Herman Kent Taylor
134 Woodburn Drive
Dothan, AL  36301

Breanna Pugh Jackson
205 Okeechobee Drive
Dothan, AL  36301

STR International, LLC
Registered Agents, Inc.
212 W. Troy Street, Suite B
Dothan, Alabama 36303

11

CERTIFICATE OF SERVICE

On June 20th 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorney of record:

Judith E. Dolan, Esq.
dolan@wskllc.com
Waldrep, Stewart & Kendrick, LLC
2323 Second Avenue North
Birmingham, Alabama 35203

/s/ J. Farrest Taylor
Of Counsel